UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| GILBERT PALIOTTA, | ) | 3:11-cv-00121-ECR-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| THE STATE OF NEVADA, in | ) | |
| Relation to the NEVADA | ) | |
| DEPARTMENT OF CORRECTIONS, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 10, 2011, A Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (#28) was issued with respect to Defendant Reuben Ladja.[1]  On August 19, 2011, Plaintiff filed an "Affidavit in Attempt to Have Summons and Complaint Served Upon Defendant/and Motion Identifying the Unserved Defendant Requesting Issuance of Summons for Unserved Defendant" (#33) which will be treated as a motion to request an order that the United States Marshals

---

[1] Defendant Reuben Ladja is alternatively referred to as Reuben Lajda in certain filings.  We are unsure of which spelling is the correct one, but proceed by referring to the defendant as "Ladja" rather than "Lajda."

1  Service serve process on Defendant Reuben Ladja.  On September
2  1, 2011, Defendants filed a response (#39) to Plaintiff's
3  Motion (#33), which in essence opposed Plaintiff's Motion (#33)
4  for service but notes that defense counsel does not represent
5  Reuben Ladja.  On September 12, 2011, Plaintiff filed a reply
6  (#44) in support of his Motion (#33).  The reply was filed
7  twice, and the repetitive document (#45) was filed as if it
8  were a new motion.  The repetitive document (#45) shall,
9  however, be treated as a reply and not a new motion.
10      "[A]n incarcerated pro se plaintiff proceeding in forma
11  pauperis is entitled to rely on the U.S. Marshal for service of
12  the summons and complaint, and, having provided the necessary
13  information to help effectuate service, plaintiff should not be
14  penalized by having his or her action dismissed for failure to
15  effect service where the U.S. Marshal or the court clerk has
16  failed to perform the duties required of each of them under 28
17  U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil
18  Procedure."  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.
19  1990).  However, when "the Marshal is unable to effectuate
20  service because the plaintiff has not provided sufficient
21  information to locate the defendant, such plaintiff must remedy
22  the situation or face dismissal of the unserved defendant."
23  Hash v. Lee, No. C 8-3729 MMC (PR), 2011 WL 2693569 at *4 (N.D.
24  Cal. July 8, 2011) (citing Walker v. Sumner, 14 F.3d 1415, 1422
25  (9th Cir. 1994), overruled on other grounds by Sandin v.
26  Conner, 515 U.S. 472, 483-84 (1995)).  However, "the Marshals
27  Service is required to 'expend a reasonable investigative
28  effort to locate a [d]efendant once he is properly

2

1  identified.'" Odom v. Ozmint, 517 F.Supp. 2d 764, 768 (D.S.C.
2  2007) (citations omitted).
3      The Court of Appeals for the Seventh Circuit reviewed a
4  decision of the district court to dismiss defendants pursuant
5  to Federal Rule of Civil Procedure 4(m) after the U.S. Marshal
6  Service failed to serve defendants who no longer worked at the
7  prison. Graham v. Satkoski, 51 F.3d 710, 712 (7th Cir. 1995).
8  The Seventh Circuit noted that "[a]s far as the record
9  indicates, no effort was made to ascertain the defendants' new
10 locations. The district court did not question the marshals'
11 efforts and dismissed the defendants pursuant to Rule 4(m)."
12 Id. The Seventh Circuit discussed a prior holding in which it
13 held that "once the former prison employee is properly
14 identified, the Marshals Service should be able to ascertain
15 the individual's current address and, on the basis of that
16 information, complete service." Id. at 713 (citing Sellers v.
17 United States, 902 F.2d 598, 602 (7th Cir. 1990)). The case was
18 remanded to the district court, with direction to "evaluate the
19 Marshals Service's efforts and the adequacy of the state
20 disclosure procedures in light of Sellers. If the Marshals
21 Service could have obtained the new addresses of the defendants
22 with reasonable efforts, the marshals' failure to serve process
23 was 'good cause' for purposes of Rule 4(m). Of course, if the
24 failure to serve process was due to appellants' failure to
25 cooperate with the Marshals Service, there may not be good
26 cause and dismissal may be appropriate." Graham, 51 F.3d at
27 713. The Ninth Circuit cited Sellers with approval in Walker
28 v. Sumner, agreeing that "[s]o long as the prisoner has

3

        furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause within the meaning of Rule 4(j)[2]." <u>Walker</u>, 14 F.3d at 1422 (citing <u>Sellers</u>, 902 F.2d at 603).

        Defendants' opposition (#39) argues that Plaintiff's Motion (#33) should be denied because Plaintiff has failed to demonstrate that Defendant Ladja was served within 120 days of the filing of Plaintiff's complaint on December 28, 2010, and because Plaintiff has failed to meet his burden of demonstrating good cause for his failure to serve Defendant Ladja by proving that he provided the U.S. Marshal with sufficient information to serve Defendant Ladja and/or that he in fact requested that Defendant Ladja be served within 120 days of the filing of the complaint.

        Plaintiff stated in his Motion (#33) that on January 25, 2011, he attempted to have summons and complaint served upon Defendant Ladja through the Nevada Sheriff's Office, and that he received an affidavit of non-service for the reason that Defendant Ladja is no longer in the area. Plaintiff originally filed this complaint in state court. Exhibit A, attached to Plaintiff's Motion (#33), is the summons issued by the Clerk of the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, for Reuben Ladja, dated December 28, 2010. Plaintiff provided Defendant Ladja's full name and an Ely address. Exhibit B is an Affidavit of Non-Service by the Sheriff of White Pine County, stating that he

---

[2] Rule 4(j) refers to current Rule 4(m).

4

received the summons on February 2, 2011, and was unable to serve Reuben Ladja at Ely State Prison because he is "no longer in area." Plaintiff further states in his Motion (#33) that this is his second affidavit in support of his effort to have Ladja served after the initial summons was returned unexecuted. Exhibit C is Plaintiff's Affidavit in Attempt to Have Summons and Complaint Served Upon Defendant, filed on February 11, 2011. The case was removed to this Court on February 17, 2011. While the case has been pending for some time, we shall grant Plaintiff additional time to serve Defendant Ladja because he appears to have diligently pursued service in state court. There may have been an oversight in transferring the duty to serve Ladja in federal court, but upon consideration of the caselaw and the equities in this case, the Court shall not dismiss Defendant Ladja before reasonable efforts to locate him have been made.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion to require service on Defendant Ladja by United States Marshal Service (#33) is **GRANTED**.

**IT IS ORDERED** that the Office of the Attorney General shall file the last known address of Defendant Reuben Ladja (or Reuben Lajda) **under seal** on or before November 22, 2011. The last known address of Reuben Ladja shall be kept under seal by the court and shall not be provided to the plaintiff.

**IT IS FURTHER ORDERED** that the Clerk shall issue summons

1  for Reuben Ladja and send the same to the U.S. Marshal with the
2  address provided under seal by November 30, 2011.  The Clerk
3  shall also send to plaintiff a USM-285 form, a copy of the
4  amended complaint (#10), and a copy of this Order by November
5  30, 2011. Plaintiff shall have until December 13, 2011 to
6  complete the USM-285 service form and return it along with the
7  other documents to the U.S. Marshal for service.

9  **IT IS FURTHER ORDERED** that Plaintiff shall be granted an
10 additional ninety (90) days after the date of entry of this
11 Order within which to serve Defendant Ladja through the U.S.
12 Marshal Service.  The 4(m) notice with respect to Defendant
13 Ladja (#28) is **WITHDRAWN** at this time.

15 Dated this 7th day of November 2011.

_____
EDWARD C. REED, JR.
United States District Judge